**PEERLESS WOOLEN MILLS v. ROSE, Collector of Internal Revenue.**

District Court, N. D. Georgia. January 12, 1928.

No. 485.

1. **Internal revenue ⟨⟨⟩⟩28(3)—Injunction does not lie to prevent collection of tax barred by limitations (26 USCA § 154).**

Rev. St. § 3224 (26 USCA § 154; Comp. St. § 5947) does not permit granting of an injunction to restrain collection of a tax, though collection is barred by limitation.

2. **Internal revenue ⟨⟨⟩⟩28(3)—Provision authorizing injunction to restrain collection of tax pending inquiry before Board of Tax Appeals applies only to deficiency tax (Revenue Act 1926, § 274a [26 USCA § 1048]).**

The provision of Revenue Act 1926, § 274a (26 USCA § 1048), authorizing an injunction restraining collection of a tax pending inquiry before the Board of Tax Appeals, applies only

to a contested deficiency tax, assessed by the commissioner above the tax returned or initially assessed.

3. **Internal revenue ⟨⟨⟩⟩36—Board of Tax Appeals has authority to make complete audit of tax claims and direct refund of overpayments not made voluntarily (Revenue Act 1926, § 1106 [26 USCA § 1249]).**

The Board of Tax Appeals has authority to make complete audit of tax claims, and is not precluded by Revenue Act 1926, § 1106 (26 USCA § 1249), from directing refund of an overpayment not made voluntarily though it was of a tax barred by limitation.

In Equity. Suit by the Peerless Woolen Mills against J. T. Rose, Collector of Internal Revenue. Decree for defendant.

Alston, Alston, Foster & Moise, of Atlanta, Ga., J. R. Sherrod, of Washington, D. C., and A. W. Taber, of Chattanooga, Tenn., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and William E. Davis, of Washington, D. C., for defendant.

SIBLEY, District Judge. [1, 2] The main question is the power of the court to interfere with the collection of the tax. Congress, having full control of the jurisdiction and powers of the District Court, has, by Revised Statutes, § 3224 (26 USCA § 154; Comp. St. § 5947), forbidden it to interfere in the collection of any taxes. The contention that the present taxes are barred by the statute of limitations and therefore to be enjoined as a whole I cannot sustain, because I think that a tax, though claimed to be barred, is still a tax, and cannot be interfered with by the court under R. S. § 3224. One exception, however, Congress has made to this statute. This is done in section 274a of the Act of 1926 (26 USCA § 1048), expressly modifying that section by permitting injunction pending an inquiry before the Board of Tax Appeals. I disagree to the proposition that the injunction is to protect the entire controversy before the Board of Tax Appeals. It seems that that Board has authority to audit a tax claim completely, and even find where overpayments have been made and direct refunds thereof. I do not think, however, that the right to interfere by injunction goes any further than to protect against the collection of the deficiency discussed in section 274 and the preceding section. The difficulty I have in the case is in arriving at a clear idea about what should be considered deficiency in the present effort to collect. Congress has defined deficiency in section 273 (26 USCA § 1047), having, first, reference to cases in which an amount "is

shown as the tax by the taxpayer upon his return"; and, second, to cases "when no amount is shown by the taxpayer upon his return." I construe these words to refer to the figures that the taxpayer sets out as being his computation of the tax due by him. In the present case the original tax return clearly showed the figures $116,630.58 as the amount figured to be due. It is claimed, however, that this claim is not within the first case because accompanied by what appears to have been a request for a special assessment under sections 327 and 328. This request did not contain any substituted figures as the taxpayer's estimate of what would be found upon such special assessment. I do not see that it in any way substituted anything for the figures mentioned, and am of the opinion that this return, notwithstanding the request, was still within the first case of section 273, and that only such amounts afterward assessed as exceed the amount of $116,630 is to be esteemed deficiency. However, if the request is considered as qualifying the figures expressed in the return, the same result would follow, because we would then have a case in which no amount was shown by the taxpayer upon his return. The second case makes the assessment primarily and initially made of the tax the starting point for the ascertainment of the deficiency, and this assessment was of the amount of $116,630. So it seems to me that in any case the only thing representing deficiency in the present effort to collect is the excess over $116,630. I think the plaintiff ought to be protected by the process of the court from collection of such excess only at the present time. The scheme of the Congress seems to be that, for the revenue of the government, taxes shall be collected as initially returned or initially assessed, as the case may be, without interference by the court.

[3] If any overpayment results by enforcing this policy, it can be recovered under the judgment of the Board of Tax Appeals. The only thing that the court is to restrain is the collection of contested deficiencies afterwards set up by the Commissioner of Internal Revenue during their hearing before the Board of Tax Appeals. It is said, however, that in this case this procedure would result in the entire loss of $58,000 not protected by the injunction of this court from collection, which could not be recovered as a refund, though really barred by limitation. This involves a construction of section 1106 of the act (26 USCA § 1249). While this court at present has no concern with the question of refund, and to express an opinion may be

gratuitous, I am nevertheless of the opinion that this section ought to be so construed as to prohibit the refund of overpayments *voluntarily* made. The word "voluntarily" does not occur in the section, but it seems to me, in connection with the entire spirit of the system of collection and the policy of limitation, such a construction will have to be given to it, and that a coerced overpayment may be refunded, although the taxes are so paid after being barred. The government having emphatically contended in its argument that there is no remedy in the court to prevent collection of a barred tax, and the court having indorsed that contention here and now, it seems to me the government will be estopped hereafter from contending that prevention was the taxpayer's remedy.

Having this view of the matter, somewhat hastily formed but still clearly held, I think, it appearing from the pleadings that the contention sought to be enjoined includes none of the deficiency indicated in this opinion, but only the remaining part of the tax originally indicated in the return, an injunction ought not to issue against the collection of the same.